```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
                              :
JAMES A.  HARNAGE             :   Civ. No. 3:17CV00356(AWT)
                              :
v.                            :
                              :
INTERN SHARI, et al.          :   September 12, 2019
                              :
------------------------------x
```

### RULING ON PLANTIFF'S EMERGENCY MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION [Doc. #80]

Pending before the Court is a motion filed by self-represented plaintiff James A. Harnage ("plaintiff"), seeking to compel additional responses to plaintiff's interrogatories and requests for production directed to defendant Sreelakshmi Reddivari (hereinafter the "defendant") [Doc. #80]. On August 16, 2019, Judge Alvin W. Thompson referred plaintiff's motion to the undersigned. [Doc. #86]. On September 3, 2019, following a meet-and-confer telephone call with plaintiff [Docs. #93, #101], defendant filed an objection to plaintiff's motion to compel. [Doc. #102]. For the reasons set forth below, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Emergency Motion to Compel Responses to Plaintiff's First Interrogatories and Request for Production [**Doc. #80**].

**I.  Background**

Plaintiff, proceeding by a Corrected Complaint, brings this action pursuant to 42 U.S.C. §1983, alleging that each named defendant was deliberately indifferent to his serious medical needs. See Doc. #25, Corrected Complaint. At all times relevant to the allegations in the Corrected Complaint, plaintiff was an inmate in the custody of the Connecticut Department of Correction, and housed at the MacDougall Correctional Institute. See id. at ¶1.

On September 2, 2015, plaintiff underwent a surgical correction of "an abdominal midline hernia and diastasis." Id. at ¶7. The allegations of the Corrected Complaint do not relate to the surgery itself, but instead are limited to the several days of plaintiff's post-surgical care at the University of Connecticut ("UConn") John Dempsey Hospital (hereinafter the "Hospital"). See generally Doc. #25, Corrected Complaint. Plaintiff alleges that defendant, who was then a surgical intern at the Hospital, deliberately used excessive pressure when examining plaintiff's abdomen during post-surgical rounds, causing plaintiff unnecessary pain. See id. at ¶¶24-40. Plaintiff asserts that after he complained about defendant's post-surgical examinations, defendant "became even more aggressive in her palpitation of plaintiffs abdomen, sadistically for the very purpose of causing the plaintiff

pain." Id. at ¶38 (sic). Plaintiff also alleges that defendant was present for plaintiff's "pre-surgery and post-surgical consultations with" his surgeon, Dr. Giles. Id. at ¶24.

Each of the other three named defendants -- Joanne Ernest, Jacqueline Anderson and Joan LeBlanc -- is alleged to have been part of the Hospital medical staff tending to plaintiff's post-surgical care. See Doc. #25 at ¶¶3-5. Plaintiff alleges, in pertinent part, that these three defendants each deliberately ignored doctors' prescriptions for plaintiff's post-surgical pain medications, turned off plaintiff's call button, denied or ignored plaintiff's requests for assistance in using the toilet, and denied plaintiff's requests for secondary pain medication. See generally id. at ¶¶8-23.

Although the Corrected Complaint alleges that after plaintiff's surgery on September 2, 2015, he "remained hospitalized for approximately 7 days," plaintiff has clarified on the record that the claims at issue in this case relate solely to the time when he was hospitalized from September 4, 2015, through September 8, 2019. See Doc. #95, Transcript of August 12, 2019, Telephonic Discovery Conference, at 18:2-14, 26:20-22; see also id. at 35:18-20 ("Mr. Harnage has explained that the harm in this case and the actions in this case are all entirely limited to ... September 4th to 8, 2015[.]").

Plaintiff filed his motion to compel on August 12, 2019. [Doc. #80]. On August 13, 2019, the Court took that motion under advisement, and ordered plaintiff and counsel for defendants to engage in a meet-and-confer telephone call by August 26, 2019. See Doc. #83. The Court also ordered that by September 3, 2019, plaintiff and counsel for defendants file a joint status report detailing which of plaintiff's discovery requests had been resolved by agreement, and which remained outstanding for the Court's adjudication. See id. On August 30, 2019, counsel for defendants filed a status report concerning the parties' meet-and-confer efforts. See Doc. #101. Those efforts were fruitless, and the entirety of plaintiff's motion remains for the Court's consideration. See id. at 1. On September 3, 2019, defendant filed an objection to plaintiff's motion to compel. [Doc. #102].

## II. **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (quotation marks and citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

### III. Discussion

Plaintiff seeks to compel further responses to both his interrogatories and requests for production served on defendant. See Doc. #80. The Court addresses each request in turn, beginning with plaintiff's interrogatories.

#### A. Interrogatories

##### 1. Interrogatory 1

Interrogatory 1 asks defendant to: "Describe any and all interactions and medical care provided by you (Reddivari) to plaintiff, James A. Harnage, at any time between January 2013 and December 2018, including the date of the medical care, the type and purpose of the medical care and any other person involved in providing or supervising the care provided." Doc. #80-2 at 1. Defendant did not answer interrogatory 1, and

instead objected on grounds that the interrogatory is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time or duration, and seeks information that is not relevant to the claims of this case. See id. at 1-2. Defendant also objected:

> [I]t appears plaintiff is in a better position to obtain or provide the information sought, as he is in possession of his medical records and has refused to produce them to the defendant in this case and has refused to execute releases that would allow the defendant to obtain those records in this case. The defendant would need to review the medical records in order to assess or evaluate this interrogatory.

Id. at 2.

The Court SUSTAINS defendant's objections, in part. In light of the very discrete claims at issue in the Corrected Complaint, interrogatory 1 is overbroad in both substantive and temporal scope. The Court also sustains defendant's objection that the term "interactions" is vague. Nevertheless, the Court will require defendant to answer interrogatory 1, reframed as follows: Describe (1) any and all medical treatment provided by you to plaintiff, and/or (2) any medical visits you had with plaintiff, related to plaintiff's September 2, 2015, abdominal hernia surgery. Defendant's response should include the date of any medical treatment/visit, the nature of the medical treatment/visit, and the name of any other person involved in

providing or supervising the medical treatment/visit.[1] Accordingly, plaintiff's motion to compel as to interrogatory 1 is **GRANTED, in part.**

   *2. Interrogatory 2*

Interrogatory 2 asks defendant: "Were you informed, at anytime [sic], that Harnage had complained about the medical care or treatment provided by you? If your response is in the affirmative, in any respect, identify the type, nature and form of the complaint, the date you were informed of the complaint, how you were informed of the complaint and who informed you of the complaint." Doc. #80-2 at 2. Defendant lodged a number of objections to interrogatory 2, and without waiving those objections, also answered that interrogatory. See id. at 2-3. The Court has reviewed defendant's answer to interrogatory 2 and finds that it is sufficient. Indeed, plaintiff makes no specific argument as to how defendant's answer to this interrogatory is

---

[1] Defendant stated that she did not have access to plaintiff's medical records to permit her to properly answer this interrogatory, see Doc. #80-2 at 2, but that issue has now generally been resolved by the Court. See Doc. #78 at 4. Although plaintiff has filed a motion for protective order with respect to the revised releases provided by defendants [Doc. #103], the Court anticipates resolving that motion upon defense counsel's response to the Court's September 6, 2019, Order, which is due on or before September 13, 2019. See Doc. #104 at 3. Indeed, defendant has represented that she will supplement her responses after receiving plaintiff's medical records. See Doc. #102 at 3.

deficient. Accordingly, plaintiff's motion to compel as to interrogatory 2 is **DENIED**.

*3. Interrogatory 3*

Interrogatory 3 asks defendant: "Have you maintained any written documentation of your treatment of the plaintiff, including any notes, documents, clinical reports, memorandum, or any other written entry of any kind?" Doc. #80-2 at 4. Defendant lodged a number of objections to interrogatory 3, and without waiving those objections, also answered that interrogatory. See id. at 4-5. The Court has reviewed defendant's answer to interrogatory 3 and finds that it is sufficient. Again, plaintiff makes no specific argument as to how defendant's answer to this interrogatory is deficient. Accordingly, plaintiff's motion to compel as to interrogatory 3 is **DENIED**.

*4. Interrogatory 4*

Interrogatory 4 asks defendant: "Have you made any written or recorded statements to any other person(s) regarding the care provided to the plaintiff and any examinations conducted in the course thereof?" Doc. #80-2 at 5. Defendant lodged a number of objections to interrogatory 4, and without waiving those objections, also answered that interrogatory. See id. at 5-6. Defendant's answer refers plaintiff to defendant's answer to interrogatory 3. See id. at 6. That answer is not necessarily responsive to the question asked in interrogatory 4.

Nevertheless, the Court SUSTAINS defendant's objection to interrogatory 4 on the grounds that it is overbroad, and seeks information that is not relevant to the claims in this case. The Court will, however, require defendant to provide a supplemental answer to interrogatory 4, reframed as follows: Have you made any written or recorded statements that are <u>not</u> contained in plaintiff's medical records, which relate to plaintiff's September 2, 2015, abdominal hernia surgery?

Accordingly, plaintiff's motion to compel as to interrogatory 4 is **GRANTED, in part**.

*5. Interrogatory 5*

Interrogatory 5 asks defendant to: "Identify any and all persons know [sic] by you who provided any and all medical care, treatment and examinations for the plaintiff from September 2, 2015, through September 10, 2015, including all medical students and interns." Doc. #80-2 at 6. Defendant lodged several objections to interrogatory 5. <u>See</u> <u>id.</u> at 6-7. Without waiving those objections, defendant answered: "The defendant cannot evaluate or determine the involvement or lack of involvement of UConn medical staff without reviewing plaintiff's medical records, which plaintiff has refused to produce and refused to execute releases to allow the defendant to obtain the records in this case." <u>Id.</u> at 7.

As previously stated, the Court has generally resolved the issues surrounding the production of plaintiff's medical records, and defendant has agreed to supplement her responses after receiving those records. See Doc. #103 at 3. Accordingly, defendant shall provide a supplemental response to interrogatory 5 after receiving plaintiff's medical records. Given the representations of plaintiff during the August 12, 2019, telephonic discovery conference, see generally Doc. #95, the Court will further limit interrogatory 5 to the dates of September 4, 2015, through September 8, 2015.

Accordingly, plaintiff's motion to compel as to interrogatory 5 is **GRANTED, in part**.

*6. Interrogatory 6*

Along with multiple subparts, interrogatory 6 asks defendant: "At the time you conducted any examination of the plaintiff, were there any concerns that you developed regarding the plaintiffs [sic] medical condition[.]" Doc. #80-2 at 7. Defendant objected on numerous grounds including that interrogatory 6 is overbroad, unduly burdensome, vague, ambiguous, and seeks information that is not relevant to the case. See id. at 8-13. The Court SUSTAINS defendant's objection that interrogatory 6 seeks information that is not relevant to the claims in this case. Plaintiff brings this action for deliberate indifference to his serious medical needs, relating

to what he essentially contends was abusive post-surgical medical care. There are no allegations suggesting that a defendant ignored any "concerns" regarding plaintiff's post-surgical condition. Accordingly, the Court **DENIES** plaintiff's motion to compel as to interrogatory 6.

   7. *Interrogatory 7*

Interrogatory 7 asks defendant to: "Identify any and all inmates who shared the hospital room, at UConn John Dempsey Hospital, or any other location, from September 2, 2015, through September 9, 2015." Doc. #80-2 at 13. Defendant lodged a number of objections to interrogatory 7 including that it is overbroad, unduly burdensome, vague, ambiguous, and seeks information that is not relevant to the case. See id. However, without waiving those objections, defendant answered: "[T]he defendant does not know or remember which inmates were at UConn John Dempsey Hospital or any other location from September 2, 2015 through September 9, 2015, nor does she have access to this information, to the best of her knowledge and belief." Id. at 14.

With respect to interrogatory 7, plaintiff asserts that he seeks such information to ascertain the identity of his "roommate who, following a full hip replacement was also being denied timely access to his pain medications and was denied multiple doses of his 'breakthrough' pain medication because the call buttons were being locked out by defendants." Doc. #80-1 at

2. Defendant asserts that she has responded appropriately to this interrogatory and made additional attempts to obtain responsive information. See Doc. #102 at 2. Specifically, defendant "contacted UConn to attempt to gain additional information in response to or regarding this interrogatory[.]" Id. UConn responded, in pertinent part: "In the absence of either (i) a court order, (ii) a subpoena plus 'satisfactory assurances' as described in the HIPAA privacy regulations (45 C.F.R. §164.512(e)), or (iii) an authorization signed by the individual patient him/herself, UConn Health cannot disclose the identities of other UConn Health patients as Mr. Harnage has requested." Id.; see also Docs. #102-1, #102-2.

Given the obvious HIPAA and third-party privacy concerns implicated by interrogatory 7, the Court will not require defendant to provide a further answer. Accordingly, plaintiff's motion to compel as to interrogatory 7 is **DENIED**.

*8. Interrogatory 8*

Interrogatory 8 asks defendant: "Have any other patients made reports or complaints regarding your level of medical care, treatment or lack thereof, and; if in the affirmative in any respect, identify the complainant and complaint[.]" Doc. #80-2 at 14 (sic). Defendant objected on numerous grounds including that interrogatory 8 is overbroad, unduly burdensome, not limited in time, duration, or location, and seeks information

that is not relevant to the claims in the case. See id.
Defendant also objected: "[T]his very plaintiff has been instructed repeatedly by the Court in his many other actions that these types of interrogatories are not appropriate." Id. Without waiving those objections, defendant answered: "[T]he defendant has never been disciplined by UConn or held liable in a civil action for deliberate indifference to the serious medical needs of an inmate." Id. at 15. Defendant contends that "type of answer and interpretation has been approved by the Court in similar instances in plaintiff's other actions." Id.

Plaintiff asserts that he should "be allowed to obtain information about the defendants and their prior records that may be relevant to their credibility and other issues, including but not limited to: pattern and practice or absence of mistake." Doc. #80-1 at 3. Plaintiff takes issue with defendant having "reformulate[d]" interrogatory 8 "to suit her desire on which way she should answer." Id. Defendant responds that her answer to interrogatory 8 is "a reasonable and appropriate response and interpretation given the Court's precedents." Doc. #102 at 2.

The Court has reviewed defendant's response to this interrogatory; it is sufficient and properly narrowed based on the law applicable to requests of this nature. See, e.g., Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006). Indeed, in plaintiff's other federal cases, the Court has

limited comparable discovery requests in a manner similar to that in which defendant has narrowed her response to this interrogatory. See, e.g., Harnage v. Lightner, No. 3:17CV00263(AWT), 2018 WL 6804482, at *3 (D. Conn. Dec. 27, 2018); Harnage v. Pillai, No. 3:17CV00355(AWT), 2018 WL 2465355, at *3 (D. Conn. June 1, 2018); Harnage v. Wu, No. 3:16CV01543(AWT), Doc. #141, slip op. at 11 (D. Conn. May 7, 2018). Accordingly, the Court will require no further response to interrogatory 8, and plaintiff's motion to compel as to interrogatory 8 is **DENIED**.[2]

B. Requests for Production

Plaintiff also seeks to compel additional responses to each of his requests for production ("RFP") served on defendant. The Court addresses each request in turn.

*1. RFPs 1 and 2*

RFP 1 asks defendant to: "Produce and identify any and all documents used or relied upon in formulating responses to any of the interrogatories propounded by plaintiff and served upon you, defendant Reddivari and any other defendant." Doc. #80-2 at 15. RFP 2 similarly requests defendant to: "Produce and identify any and all documents and tangible items identified by you in response to any of the interrogatories propounded by the

---

[2] Additionally, interrogatory 8, like interrogatory 7, implicates obvious HIPAA and third-party privacy concerns.

plaintiff and served upon you, defendant Reddivari and any other defendant." Id. at 16.

Defendant lodged the same objection to both RFPs 1 and 2:

> [T]his request is overly broad in scope or unduly burdensome. It appears to seek third party discovery; the defendant is not responsible for or obligated to provide plaintiff with materials from non-parties or other parties. The defendant is not required to conduct plaintiff's discovery for him; as plaintiff can seek such materials himself. Therefore this interrogatory seeks information that is not relevant or proportional to the needs of the case given the parties' relative access to the information.

Doc. #80-2 at 15, 16. Without waiving those objections, defendant responded to both RFP 1 and 2 as follows: "[P]laintiff possesses releases, which the defendant served upon plaintiff in this action that would allow the defendant to obtain medical records to assist in the defense of this case. Plaintiff has refused to execute those releases and has refused to produce the medical records themselves." Id. at 16, 17.

It is curious that defense counsel relied on this Court's prior discovery rulings when it benefited his client's position, see Doc. #102 at 1-2, but with respect to these two requests, chose to ignore a prior discovery ruling issued by this Court in another of plaintiff's federal cases. Indeed, the Court has previously required at least one defendant in another of plaintiff's federal cases, who is also represented by Attorney Finucane, to respond to RFPs nearly identical to those in RFPs 1

and 2 here. See Lightner, 2018 WL 6804482, at *8. As noted in that case: "Certainly, documents identified and relied upon in answering the interrogatories are relevant and not so over broad as to preclude production." Id. (quoting Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005)).

Defendant's objections to RFPs 1 and 2 are not well-founded and are therefore OVERRULED, in large part. See Charter Practices Int'l, LLC v. Robb, No. 3:12CV1768(RNC)(DFM), 2014 WL 273855, at *4 (D. Conn. Jan. 23, 2014) ("Request for production 18 seeks documents the defendant relied on in responding to the interrogatories. The defendant objects on the grounds that the request is overbroad and unduly burdensome. The objections are not well-founded and are overruled. This is an unexceptional discovery request.").[3] However, the Court SUSTAINS defendant's objection to that portion of RFPs 1 and 2 that seeks documents relied upon, or identified by, another defendant in her responses to plaintiff's interrogatories. That is not an appropriate request to this defendant. Defendant shall provide an amended response to RFPs 1 and 2, including the production of documents and privilege log, if applicable.[4] The Court will not

---

[3] Additionally, defendant's "Answer" to RFPs 1 and 2 is non-responsive.

[4] As agreed to by the parties, "any materials produced by plaintiff in this action do not have to then be sent back or produced back to plaintiff by the defendants, as the parties

require defendant to produce any documents relied upon or identified by her co-defendants in their respective responses to plaintiff's interrogatories. Accordingly, plaintiff's motion to compel as to RFPs 1 and 2 is **GRANTED, in part**.

   *2. RFPs 3, 4, and 5*

Plaintiff seeks to compel responses to RFPs 3, 4, and 5. Because these requests seek similar categories of information, and defendant has lodged similar objections to each of these requests, the Court addresses RFPs 3, 4, and 5 together.

RFP 3 requests defendant to: "Produce and identify any and all directives, policies, rules and procedures governing the provision of medical care by the Correctional Managed Health Care, UConn Health Group, UConn, John Dempsey Hospital to inmates of the Department of Correction." Doc. #80-2 at 17 (sic). RFP 4 seeks the production of "any and all Mutual Operating Agreements and Service Contracts and Continuation of Care agreements, between you, defendant Reddivari and/or Correctional Managed Health Care, and/or UConn Health Group and/or Department of Correction." Id. at 18. Last, RFP 5 requests defendant to "Produce and identify any and all Auditors

---

would have similar access to those materials." Doc. #101 at 1. To the extent defendant relied on any materials produced by plaintiff in responding to plaintiff's interrogatories, then in her amended response to RFPs 1 and 2, she may simply identify those documents by Bates number.

Reports concerning the provision of Medical Care by Correctional Managed Healthcare, UConn Health Group, UConn Medical Center and John Dempsey Hospital to inmates of the Department of Correction for each and every year from January 2012, through December 2017. Id. at 19.

Defendant lodged numerous objections to these requests, including that each request is over broad, unduly burdensome, vague, ambiguous, not limited in time or duration, and seeks information that is neither relevant to, nor proportional to the needs of, the case. See id. at 17-20.[5]

Plaintiff asserts that the materials sought by these requests "are highly relevant to the instant action to show the care expected of Reddivari ... [and] may highlight deficiencies within the overall health care system that may have played a part in the decisions made by the defendants." Doc. #80-1 at 4 (sic). Plaintiff continues: "It is indisputable that CMHC was underfunded and running a yearly deficit. It is likely that the Auditors Reports and policies may reflect a concerted effort to require staff to manage costs at the detriment to the inmates."

---

[5] Defendant also provided the following "Answer" to RFP 3: "[I]f plaintiff has not already obtained any such policies or materials, the defendant refers him to UConn health to obtain these materials himself – which would likely be public records – from UConn directly, as the defendant maintains that plaintiff would or does have the same or similar relative access to this information." Doc. #80-2 at 18.

Id. Defendant responds, in pertinent part, that plaintiff has failed to show how the documents sought by these requests are relevant, "as his claims do not alleged some policy of misconduct or mistreatment." Doc. #102 at 3 (sic).

The Court generally SUSTAINS defendant's objections to RFPs 3, 4, and 5. First, as framed, these requests are overbroad in both temporal and substantive scope. Second, despite plaintiff's explanation, it is not clear how the documents sought are relevant to plaintiff's very discrete claims of deliberate indifference as pleaded in the Corrected Complaint. See Doc. #25. Finally, given the discrete nature of plaintiff's claims, and the very limited time frame at issue, the Court is unable to find that the documents sought by RFPs 3, 4, and 5 are proportional to the needs of this case. See, e.g., Vaigasi v. Solow Mgmt. Corp., No. 11CV5088(RMB)(HBP), 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality focuses on the marginal utility of the discovery sought. Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." (internal citations omitted)). Accordingly, plaintiff's motion to compel as to RFPs 3, 4, and 5 is **DENIED.**

Defendant must provide any supplemental responses required by this Order **within 21 days of receiving plaintiff's medical**

**records**. Any such supplemental responses to RFPs 1 and 2 must also include the production of documents, and a privilege log, if applicable.

### IV. Conclusion

For the reasons stated, plaintiff's Emergency Motion to Compel Responses to Plaintiff's First Interrogatories and Request for Production [**Doc. #80**] is **GRANTED, in part, and DENIED, in part.**

It is so ordered. Dated at New Haven, Connecticut, this 12th day of September, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE