```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

JAMES A. HARNAGE,               :
     Plaintiff,                 :
                                :
     v.                         :   Case No. 3:17cv356(AWT)
                                :
INTERN SHARI, ET AL.,           :
     Defendants.                :
```

**RULING ON MOTION TO DISMISS**

The plaintiff, James Harnage, is currently confined at Garner Correctional Institution. He initiated this action by filing a civil rights complaint asserting claims of deliberate indifference to his medical needs after his hernia surgery. The plaintiff named the surgeon, a surgical intern and thirteen medical staff members, who were involved in the surgery or his post-operative care, as defendants.

On March 6, 2018, the court dismissed the First Amendment retaliation claim and the Eighth Amendment deliberate indifference to medical needs claims and the claims under Article First, §§ 4, 5, 8, 10 and 14 of the Connecticut Constitution against Dr. Giles, the John Doe Medical Staff Members 1-6 and the Jane Doe Medical Staff Members 1-4 and concluded that the Eighth Amendment deliberate indifference to medical needs claim would proceed against Surgical Intern Shari and Jane Doe Medical Staff Members 5, 6, and 7 in their individual capacities. See IRO, ECF No. 11.

On February 28, 2017, the plaintiff filed an amended complaint that identified Surgical Intern Shari as Sreelakshmi Reddivari and the Doe defendants as follows: Medical Staff Member Joanne Ernest, Medical Staff Member Jacqueline Anderson and Medical Staff Member Joan LeBlanc.  See Am. Compl., ECF No. 25.  The plaintiff asserted that defendants Ernest, Anderson, LeBlanc and Reddivari were deliberately indifferent to his serious post-operative needs in September 2015.  The plaintiff also asserted a claim under Article First § 9 of the Connecticut Constitution.

Defendants Reddivari, Ernest, Anderson and LeBlanc have moved to dismiss the state constitutional claim.  For the reasons set forth below, the motion is granted.

**I.  Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss, the court "accepts as true all of the factual allegations set out in [the] complaint, draw[s] inferences from those allegations in the light most favorable to the plaintiff, and construes the complaint liberally."  Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted).  In addition to the facts set forth in the complaint, the court may also consider documents either attached to the complaint or incorporated into it by reference, "and matters subject to

2

judicial notice." New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (citation omitted), cert. denied, ___ U.S. ___, 138 S. Ct. 131 (2017).

To withstand a motion to dismiss, detailed factual allegations are not required, but "the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, statements of the law and recitations of "the elements of a cause of action, supported by mere conclusory [allegations]," are not sufficient. Id. at 678.

"Where ... the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." Hogan v. Fischer,

3

738 F.3d 509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, a pro se plaintiff's complaint must state a plausible claim for relief. Id. (citation omitted).

**II. Factual Allegations**

The court assumes the facts that are asserted in paragraphs seven through forty-one of the amended complaint are true for purposes of deciding the motion to dismiss. On or about September 2, 2015, prison officials at MacDougall Correctional Institution transferred the plaintiff to the University of Connecticut Health Center ("UCONN Health Center") for hernia surgery. The plaintiff remained hospitalized at UCONN for seven days after the surgical procedure.

Defendants Anderson, Ernest and LeBlanc worked in the post-operative unit where the plaintiff was a patient. They regularly delayed or denied the plaintiff his prescribed pain medications, ignored his call button when he required assistance in using the toilet or needed water or pain medication and forced him to get out of bed himself in order to use the bathroom, which caused him pain and distress.

Defendant Reddivari monitored the plaintiff's recovery on a daily basis. During rounds, defendant Reddivari and other members of the surgical team took turns conducting examinations

4

of the plaintiff's abdomen, including palpating the abdomen and observing the fluid in the drain tubes for color and quantity. The plaintiff experienced pain during palpation of his abdomen, but it was bearable.

On one occasion, defendant Reddivari was too rough in performing the palpation of the plaintiff's abdomen. The plaintiff informed defendant Reddivari that the palpation had caused him excessive pain. She became more aggressive in examining the plaintiff after he informed her that her technique was too heavy-handed. The plaintiff claims that defendant Reddivari deliberately used more pressure when examining his abdomen. The day before the plaintiff's release from UCONN, defendant Reddivari was so heavy-handed in her palpitation of the plaintiff's abdomen that he cried out in pain.

**III. Discussion**

The defendants argue that the claim asserted under Article First, § 9 of the Connecticut Constitution should be dismissed because there is no private cause of action for damages under that provision. Section 9 of Article First provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law." Conn. Const. art. 1, § 9. In the alternative, the defendants argue that the court should decline to exercise supplemental jurisdiction over the claim.

In <u>Binette v. Sabo</u>, 244 Conn. 23, 710 A.2d 688 (1998), the Connecticut Supreme Court authorized a damages action for violations of Article First, §§ 7 and 9 of the Connecticut Constitution with respect to illegal searches and seizures. See <u>Binette</u>, 244 Conn. at 47, 710 A.2d 688. However, the court cautioned that "we emphasize that our decision to recognize a <u>Bivens</u>-type remedy in this case does not mean that a constitutional cause of action exists for every violation of our state constitution.... Whether to recognize a cause of action for alleged violations of other state constitutional provisions in the future must be determined on a case-by-case basis." <u>Id.</u> at 47-48, 710 A.2d at 700. See <u>Martin v. Brady</u>, 64 Conn. App. 433, 439 (2001), <u>aff'd</u>, 261 Conn. 372 (2002) ("Binette did not purport to announce an overarching universal principle . . . It cautioned that the availability of access to a separate tort action under Binette should be analyzed on a case-by-case basis only.")

The defendants contend that there are no cases recognizing a private right of action for money damages under Article First, § 9 of the Connecticut Constitution for punishment suffered by an inmate during his or her confinement in prison. The court agrees. See <u>Torres v. Armstrong</u>, No. CV990427057S, 2001 WL 1178581, at *1, 6-7 & n.6 (Conn. Super. Ct. Sept. 6, 2001)

6

(narrowly construing Binette in a civil action asserting claims of violations of an inmate's rights under the United States and Connecticut Constitutions, including claims of "cruel and unusual punishment under the federal constitution" and a claim of a deprivation "of his rights under . . . article first, § 9" of the state constitution, and "declin[ing] to recognize [a] damages action[] under the Connecticut and United States constitutions under the circumstances of th[e] case").

Thus, although the Connecticut Supreme Court created a cause of action under Article First, §§ 7 and 9 for a Bivens-type claim, it has not applied § 9 in the context of a prisoner case involving a claim for deliberate indifference to a prisoner's serious medical need.

Therefore, the court also declines to exercise supplemental jurisdiction over the plaintiff's claim pursuant to Article First, § 9.

## Conclusion

The Motion to Dismiss [**ECF No. 38**] is hereby **GRANTED**; the court declines to exercise supplemental jurisdiction over the plaintiff's claim pursuant to Article First, § 9 of the Connecticut Constitution.

It is so ordered.

Signed this 4th day of November, 2019, at Hartford, Connecticut.

                                        _____/s/AWT_____
                                             Alvin W. Thompson
                                    United States District Judge